UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| COVERALL NORTH AMERICA, INC. | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| PEGGY S. BILLUPS aka SUE COLYER | ) | |
| 3205 Mitchell Court | ) | |
| Burlington, KY  41005 | ) | |
| | ) | |
| PEGGY S. BILLUPS aka SUE COLYER | ) | (Jury Demand Endorsed Hereon) |
| 3208 Mitchell Court | ) | |
| Burlington, KY  41005 | ) | |
| | ) | |
| CLEAR CHOICE CLEANING | ) | |
| SOLUTIONS, LLC | ) | |
| 3205 Mitchell Court | ) | |
| Burlington, KY  41005 | ) | |
| | ) | |
| CLEAR CHOICE CLEANING | ) | |
| SOLUTIONS, LLC | ) | |
| C/O Statutory Agent Jeffrey R. Hinkle | ) | |
| 3208 Mitchell Court | ) | |
| Burlington, KY  41005 | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Coverall North America, Inc., by and through its attorneys, and for its

Complaint against Defendants alleges the following:

## Parties

1.      Plaintiff Coverall North America, Inc. ("Coverall") is a Delaware corporation with its principal place of business in Boca Raton, Florida.  Coverall maintains a Regional Office in the greater Cincinnati, Ohio market.

2.      Defendant Peggy S. Billups ("Billups") is a former Outside Sales Representative for Coverall, who currently owns and/or is employed by Clear Choice Cleaning Solutions, LLC, residing in Burlington, Kentucky.  Upon belief, Billups is also known as Sue Colyer.

3.      Defendant Clear Choice Cleaning Solutions LLC ("Clear Choice") is a Kentucky limited liability company with its principal place of business in Burlington, Kentucky, and is a competitor of Coverall.

## Jurisdiction and Venue

4.      This is a Complaint for Breach of Contract, Tortious Interference with Contract, Tortious Interference with Business Relationships, and Civil Conspiracy among citizens of diverse states, and involving an amount in controversy in excess of $75,000.00.  Jurisdiction and venue in this Court are proper pursuant to 28 U.S.C. §1332.

## Facts

5.      Billups began employment in April 2008 as an Outside Sales Representative in Coverall's Regional Sales Office in Cincinnati, Ohio.  Billups' responsibilities as an outside sales representative were to develop and obtain commercial cleaning accounts for Coverall.

6.      Upon commencement of employment, or immediately thereafter, Billups executed an Agreement with Coverall containing covenants of confidentiality, non-solicitation, and non-competition (the "Agreement"), which covenants of non-solicitation and non-competition survived

the termination of her employment for a period of two years, and which covenant of confidentiality permanently survived the termination of her employment.

7. In October 2008, following numerous unsuccessful attempts to discipline or rehabilitate the performance and professionalism of Billups, Coverall terminated Billups' employment.

8. The Agreement between Billups and Coverall is a valid, binding and enforceable contract.

9. While employed by Coverall, Billups had regular access to Coverall's confidential, proprietary information and trade secrets, including customer and franchisee contact information and lists, sales and marketing information and plans, training, pricing, and other financial information.

10. Coverall derives independent economic value from its trade secrets' non-disclosure and takes reasonable efforts to maintain the secrecy of its trade secrets.

11. Upon information and belief, Billups has contacted, solicited and/or diverted Coverall customers in violation of her Agreement.

12. Following her termination, Billups founded Defendant Clear Choice Cleaning Solutions LLC ("Clear Choice"), a Kentucky limited liability company, on October 30, 2008. Upon information and belief, Billups is an employee of and owner and/or member of Clear Choice.

13. Upon information and belief, Clear Choice competes directly with Coverall.

14. Upon information and belief, Clear Choice, has wrongfully contacted, solicited, and/or diverted Coverall customers through the efforts of Billups, aka Sue Colyer, in interference with Coverall's contracts and/or business relationships with those customers.

15.     Upon information and belief, Billups has attempted to deflect attention from her wrongful activities by using an alias name, "Sue Colyer," to conduct such wrongful activities on behalf of Clear Choice, and by naming an alternate Statutory Agent, Jeffrey Hinkle, for Clear Choice.

<u>Breach of Contract — Defendant Billups</u>

16.     Incorporating the factual assertions set forth in the preceding paragraphs, Coverall further alleges that, at all times material, Billups was bound to the terms of her Agreement with Coverall.

17.     In October, 2008, Billups breached her contract by: establishing and working on behalf of a commercial enterprise in competition with Coverall, contacting and soliciting Coverall customers to induce them to do business with Clear Choice, diverting Coverall customers to Clear Choice, and using the trade secrets and proprietary information of Coverall to establish a competing business enterprise.

18.     As a result of her unlawful actions, Billups has damaged Coverall in an amount to be determined at trial.

<u>Tortious Interference with Contracts — Defendant Clear Choice</u>

19.     Incorporating the factual assertions set forth in the preceding paragraphs, Coverall further alleges that Clear Choice intentionally interfered with Coverall's contractual relationship with Billups by hiring Billups in violation of her Agreement.

20.     Billups has engaged in business activity on behalf of and for the benefit of Clear Choice, including competition with Coverall and solicitation of the customers of Coverall, in violation of her Agreement with Coverall.

21.     Clear Choice had full knowledge of the contractual obligations of Billups to Coverall, and its actions in inducing Billups' breach of her Agreement with Coverall are intentional.

22.     Coverall further alleges that Clear Choice intentionally interfered with Coverall's contractual relationships with its customers through the efforts of Billups.

23.     Clear Choice had full knowledge, through Billups, of the contractual relationships between Coverall and its customers in the Cincinnati and Northern Kentucky market.

24.     Clear Choice has diverted the business of customers under contract with Coverall through the efforts of Billups.

25.     As a result of its tortious interference with Coverall's contracts with Billups and Coverall's customers, Clear Choice has damaged Coverall in an amount to be determined at trial.

### Tortious Interference with Contracts – Defendant Billups

26.     Incorporating the factual assertions set forth in the preceding paragraphs, Coverall further alleges that Billups intentionally interfered with Coverall's contractual relationships with its customers.

27.     Billups had full knowledge of the contractual relationships between Coverall and its customers in the Cincinnati and Northern Kentucky market.

28.     Billups has, for her benefit and the benefit of Clear Choice, diverted the business of customers under contract with Coverall.

29.     As a result of her tortious interference with Coverall's customer contracts, Billups has damaged Coverall in an amount to be determined at trial.

<u>Tortious Interference With Business Relationships — All Defendants</u>

30.     Incorporating the factual assertions set forth in the preceding paragraphs, Coverall further alleges that Billups and Clear Choice intentionally interfered with its business relationships.

31.     Coverall has had business relationships with numerous customers that existed during Billups' employment with Coverall.

32.     Billups had knowledge of these business relationships as a result of her employment with Coverall.

33.     Upon information and belief, Billups and Clear Choice have intentionally interfered with Coverall's business relationships since Billups departure from Coverall.

34.     Billups' and Clear Choice's intentional interference with Coverall's business relationships is not justified and has caused a breach of these business relationships.

35.     As a result of this unlawful interference, Coverall has been damaged in an amount to be determined at trial.

<u>Misappropriation of Trade Secrets — All Defendants</u>

36.     Incorporating the factual assertions set forth in the preceding paragraphs, Coverall further alleges that Billups willfully and maliciously misappropriated Coverall's trade secrets.

37.     Billups had regular access to and use of confidential and proprietary trade secrets during the period of her employment with Coverall.

38.     Coverall's confidential and proprietary trade secrets include, in part, customer lists and contact information; training methods; ordering, data entry and access method; pricing, profitability and other marketing and financial information.

39.    Upon information and belief, Billups has misappropriated Coverall's trade secrets by possessing, disclosing and/or making use of Coverall's confidential, proprietary information and/or trade secrets.

40.    Upon information and belief, Clear Choice is benefitting from Billups' possession, disclosure and/or use of Coverall's confidential, proprietary information and/or trade secrets.

41.    Billups' and Clear Choice's conduct violates Ohio's Trade Secret Act, R. C. Sections 1333.61 – 1333.69.

42.    As a result of their unlawful actions, Billups and Clear Choice have damaged Coverall in an amount to be determined at trial.

<u>Preliminary Injunction</u>

43.    Incorporating the factual assertions set forth in the preceding paragraphs, Coverall further alleges that it is entitled to injunctive relief against Defendants as Coverall has shown a substantial likelihood of success.

44.    Coverall will be irreparably harmed if Defendants are not enjoined from violating Billups' contract with Coverall, interfering with Coverall's contracts and business relationships, and/or misappropriating Coverall's trade secrets.

45.    The preliminary injunction will not harm third parties and the public interest is served by preserving the sanctity of contractual relations and preventing unfair competition.

WHEREFORE, Plaintiff Coverall prays that this Court issue an order:

1) preliminarily and permanently enjoining Defendant Billups from working for or on behalf of Clear Choice or any Coverall competitor for two years from the entry of judgment herein;

2) preliminarily and permanently enjoining Defendant Clear Choice from interfering with Coverall's contract with Billups;

7

3) preliminarily and permanently enjoining Defendants Billups and Clear Choice from interfering with Coverall's business relationships and contracts with its customers;

4) preliminarily and permanently enjoining all Defendants from misappropriating Coverall's trade secrets;

5) preliminarily and permanently enjoining Billups from contacting, soliciting, diverting or taking away Coverall's customers or employees for two years from the entry of judgment herein;

6) upholding and enforcing all provisions contained within Billups' Agreement with Coverall.

Plaintiff, Coverall, additionally and alternatively demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages for violation of Ohio's Trade Secret Act, together with all costs and attorneys fees associated with this cause of action, plus such other relief as this Court deems just.

JURY DEMAND

Plaintiff hereby requests a jury consisting of the maximum number of jurors allowed by

law.

LICATA & TOEREK


SHARON L. TOEREK (0056175)
JODY PERKINS RYAN (0052036)
CYNTHIA G. SCHUMAKER (0081650)
*Attorneys for Plaintiff*
6480 Rockside Woods Blvd. South, Suite 180
Independence, OH  44131
Phone:  (216) 573-6000
Fax:  (216) 573-6333
E-mail:  slt@completecounsel.com
         jpr@completecounsel.com
         cgs@completecounsel.com